UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Richard Wagner**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19-cv-3638 |
| v. | ) | |
| | ) | |
| **Worthington 17 LLC,** an Ohio limited liability | ) | |
| company | ) | Judge |
| | ) | Magistrate Judge |
| And | ) | |
| | ) | |
| **Short North Development Group Inc.**, an | | |
| Ohio corporation for profit | | |
| | | |
| Defendants. | | |

---

NOW COMES Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, who hereby files this Complaint against the named Defendants for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1.  This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2.  The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.  Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendants' property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4.  Plaintiff, Richard Wagner, is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.  Defendant **Worthington 17 LLC**, upon information and belief, owns and Defendant **Short North Development Group Inc.** operates the business located at 674 N High St, Columbus, OH 43215 in Franklin County, Ohio, which is a bar called Short North Tavern. Plaintiff has patronized Defendants' property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6.  Upon information and belief, the facility owned or operated by the Defendants is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are

responsible for complying with the obligations of the ADA. Defendants' bar is a place of public accommodation. Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Wagner is a paraplegic and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Wagner is a current Franklin County, Ohio resident. As such, he frequents the restaurants, parks, and other recreation establishments of the Franklin county area, including the Defendants' property that forms the subject of this complaint.

9. On or about June 2, 2018, July 7th, 2018, April 6, 2019 and on many other occasions, Plaintiff patronized the Defendants' property, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendants' place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the

premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the bar, encountered barriers to access at the bar, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the bar without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by

January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14.    A preliminary inspection of the bar owned or operated by Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

<u>Restrooms:</u>

    A.  Signage on the men's and women's restroom is non-compliant and lacks the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

    B.  The men's and women's restroom doors contain hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

    C.  The men's and women's restroom lack compliant grab bars around the water closet, in violation of the ADA whose remedy is readily achievable.

    D.  The men's and women's restroom toilet compartment do not have required clear floor space for use by customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

    E.  The men's and women's restroom toilet compartment doors are not self-closing and lack door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

F.  The men's and women's restroom toilet compartment doors contain locking hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

G.  The men's and women's lavatories lack required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

H.  The men's and women's lavatories contain hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

I.  The urinal in the men's restroom is mounted in excess of the required height range and does not have required clear floor space for a forward approach, in violation of the ADA whose remedy is readily achievable.

J.  The men's and women's restroom toilet paper dispensers are not located in accordance with the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

K.  The men's and women's restroom mirrors are located above the allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

L.  There are amenities in the men's restroom, including a paper towel dispenser, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

M. There are no accessible seating and standing dining surfaces for use by customers in wheelchairs due to booths and high-top tables throughout the dining areas, in violation of the ADA whose remedy is readily achievable.

N. There is no lowered portion of the bar for use by customers in wheelchairs, in violation of the ADA whose remedy is readily achievable.

O. The coat hooks are all located above the required reach range, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

P. The operator lacks or has inadequately defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an

inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.


## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16.  Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17.  The bar at issue, as owned or operated by Defendants, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18.  Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Whereas, Defendants entirely lack a restroom facility usable for customers who use wheelchairs. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the bar accessible to and usable by persons with disabilities, including Plaintiff.

19.  The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20.     Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

21.     Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22.     The Defendants operate and own a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23.     Defendants have committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations.  The Defendants' acts are willful, severe and ongoing.

24.     Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

/s/ Valerie J. Fatica
Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 – Facsimile
valeriefatica@gmail.com
Co-Counsel for Plaintiff